UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

Plaintiff,

v.

Maxwell Payne,

Defendant.

Case No. 3:26-cr-215

MEMORANDUM OPINION AND ORDER

## I. Introduction

Defendant Maxwell Payne seeks to strike a prior conviction allegation contained in the indictment in this case. (Doc. No. 12). The government filed a brief in opposition to the motion, (Doc. No. 14), and Payne filed a brief in reply. (Doc. No. 15). For the reasons stated below, I deny the motion.

## II. Background

On July 17, 2023, Payne was indicted by a Lucas County, Ohio grand jury on one count of pandering obscenity involving a minor in violation of Ohio Revised Code § 2907.321(A)(5) & (C), and one count of pandering sexually oriented matter involving a minor or impaired person in violation of Ohio Revised Code § 2907.322(A)(5) & (C). *See State v. Payne*, G-4801-CR-0202302072-000-D1 (Lucas Cnty. C.P.). Payne subsequently pled guilty to both charges and was sentenced to concurrent 18-month prison terms and 5 years of post-release control. Payne also was adjudicated a

Tier III sex offender, which, under Ohio law, requires him to register every 90 days with the sheriff of the county in which he resides for the remainder of his life.

Two and a half years after he was sentenced in state court, a federal grand jury indicted Payne on one count of receipt of child pornography in violation 18 U.S.C. §§ 2252A(a)(2) and (b)(1). (Doc. No. 1). The indictment alleges Payne's 2023 conviction for pandering sexually oriented material involving a minor or impaired person in violation of § 2907.322(A)(5) &(C) is a qualifying prior conviction under § 2252A(b)(1). (Doc. No. 1 at 1). Payne argues this allegation must be stricken from the indictment because the relevant record evidence does not specify whether his conviction involved a minor or an impaired person and, therefore, his 2023 conviction is not a qualifying prior conviction.

## III. ANALYSIS

Courts apply the categorical approach to "determine whether a prior state-law conviction can trigger federal sentencing consequences as a generic 'predicate offense.'" *United States v. Sykes*, 65 F.4th 867, 884 (6th Cir. 2023). "Under that approach, the sentencing court 'may "look only to the statutory definitions" – i.e., the elements – of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions."'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 260-61 (2013) (further quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990))) (emphasis added by *Descamps*). "Once the elements of the prior crime have been identified, the court compares the elements of that offense to the conduct enumerated in the generic federal offense . . . as they are commonly understood." *Sykes*, 65 F.4th at 884 (citation and quotation marks omitted).

Payne argues the relevant generic offense is "the 'production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.'" (Doc. No. 12 at 2) (quoting 18 U.S.C. § 2252A(b)(1)). Because the statutory offense to which Payne pled guilty – pandering sexually oriented material – "applies to materials depicting sexual activity by two different groups of

people in the alternative: minors or impaired people," and because the relevant state court documents do not specify which group was depicted in the material Payne possessed, he contends the offense to which he pled guilty criminalizes a broader range of conduct than the generic federal offense and, therefore, cannot be used to enhance his sentence.[1] (Doc. No. 12 at 3).

The government disagrees. In its view, the relevant generic offense is not a child pornography offense but sexual abuse. (*See* Doc. No. 14). The government argues that Payne's 2023 pandering conviction is a qualifying prior conviction because the elements of that offense relate to sexual abuse as that term is commonly understood.

As a tool of statutory interpretation, the categorical approach is "most familiar to connoisseurs of the Armed Career Criminal Act." *United States v. Parrish*, 942 F.3d 289, 295 (6th Cir. 2019). In that context, "[t]he state crime doesn't trigger the enhancement if its coverage exceeds the generic version of the crime." *Id.* at 296.

But when a court applies the categorical approach to a child pornography statute, "[t]he match doesn't have to be nearly as close." *Id.*

Section 2252A provides that a defendant who violated § 2252A(a)(2) may be sentenced to no fewer than five years and no more than twenty years, unless that defendant has a qualifying prior conviction. 18 U.S.C. § 2252A(b)(1). A defendant with a qualifying prior conviction is subject to a fifteen-year mandatory minimum sentence and a maximum of forty years in prison. *Id.* A qualifying prior conviction is, in relevant part, a conviction for violating "the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the

[1] A court using the categorical approach "'is limited examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Mahon*, 444 F.3d 530, 535 (6th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children." *Id.* (emphasis added).

"While enhancing a sentence for a prior federal offense under [18 U.S.C. §] 2252(b)(2)[2] requires an offender to commit a specified crime, . . . a prior state conviction requires only that the defendant have been convicted of a state offense 'relating to . . . sexual abuse.'" *United States v. Mateen*, 806 F.3d 857, 860 (6th Cir. 2015) (quoting *United States v. Barker*, 723 F.3d 315, 322 (2d Cir. 2013) (per curiam)) (final alteration by *Barker*) (further citation omitted). Federal courts "have broadly interpreted the phrase 'relating to' as triggering sentence enhancement for 'any state offense that stands in some relation, bears upon, or is associated with [the] generic offense.'" *Mateen*, 806 F.3d at 860 (quoting *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015)) (further citation omitted). *See also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (observing "[t]he ordinary meaning of [relating to] is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with,' . . . – and the words thus express a broad . . . purpose") (citing Black's Law Dictionary 1158 (5th ed. 1979)).

In *Mateen*, the Sixth Circuit considered whether the defendant's prior Ohio conviction for gross sexual imposition could be used to enhance his sentence following his federal conviction for possessing child pornography in violation of § 2252(b). The court rejected Mateen's argument that his state court conviction could relate to sexual abuse only if it satisfied the definition of sexual abuse found in federal law. *Mateen*, 806 F.3d at 860. The Sixth Circuit instead concluded sexual abuse should "receive[ ] its ordinary and natural meaning" and held that sexual abuse in the context of § 2252(b) meant "the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." *Id.* at 861 (citations and internal quotation marks omitted). The

[2] The Sixth Circuit treats § 2252(b) and § 2252A(b) "as interchangeable," because those sections contain identical language. *United States v. Mateen*, 806 F.3d 857, 860 n.1 (6th Cir. 2015).

*Mateen* court then concluded the defendant's gross sexual imposition conviction related to sexual abuse because all conduct criminalized by the state statute involved "sexual contact that is non-consensual by virtue of force, threats of force, impairment, or age, and therefore abusive." *Id.* at 862.

Ohio law prohibits any individual from knowingly soliciting, receiving, purchasing, exchanging, possessing, or controlling "any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality." Ohio Rev. Code § 2907.322(A)(5). Thus, this provision criminalizes the depiction of an individual who is unable to consent to sexual activity nonetheless engaged in sexual activity, regardless of whether the material depicts an adult or a minor, for the sexual gratification of the viewer. *Cf. United States v. Jakits*, 129 F.4th 314, 322 (6th Cir. 2025) (observing, in another context, that federal law defines sexually explicit conduct as including "actual or simulated '(i) sexual intercourse[ ]; (ii) bestiality; [and] (iii) masturbation'") (quoting 18 U.S.C. § 2256(2)(A)) (first alteration by *Jakits*).

Payne contends his pandering conviction cannot be a qualifying prior conviction because "the plain language of both § 2252(b)(1) and § 2252A(b)(1) clarifies that the only possession offense that qualifies as a predicate is the possession of <u>child</u> pornography." (Doc. No. 15 at 4).

I conclude Payne's reading of the statute is too narrow. True, Congress specifically mentioned possession of child pornography in the list of state convictions which trigger the sentencing enhancement. But Congress also included, in its list of federal offenses, a prior conviction under chapter 71. *See* 18 U.S.C. § 2252(b)(1). Among the statutes found in chapter 71 is § 1462, which in part criminalizes "any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character" that has moved in interstate commerce, regardless of whether that material involves an adult or a minor. 18 U.S.C. § 1462(a). *See also United States v. Raymond*, No. CR 21-380 (CKK), 2023 WL 7611601, at *2

(D.D.C. Nov. 14, 2023) (Defendant may violate § 1462 by transporting pictures and videos of unconscious women being sexually assaulted.); *United States v. Lockhart*, 749 F.3d 148, 154 (2d. Cir. 2014) ("Importantly, § 2252(b)(2) does not specify that a conviction under a federal statute must involve a minor; a violation of any of these statutory provisions constitutes a predicate offense for the application of § 2252(b)(2)'s mandatory minimum sentence, regardless of the age of the victim.").

While a court is not limited to applying definitions found in federal statutes in determining whether a prior state conviction supports a sentence enhancement, "federal statutes nevertheless are relevant to [the] consideration of whether a particular state statute is one 'relating to'" aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. *Sullivan*, 797 F.3d at 637 (citation omitted). With courts in accord "'that Congress chose the expansive term "relating to" in § 2252(A)(b)(1) to ensure that individuals with a prior conviction bearing some relation to sexual abuse . . . receive enhanced minimum and maximum sentences,'" it would be inconsistent with the statutory purpose to conclude that a defendant could receive an enhanced sentence if the defendant has been convicted in federal court for possessing images of the sexual abuse of an adult, but not if the defendant was convicted of that offense in state court. *Mateen*, 806 F.3d at 860 (quoting *United States v. Colson*, 683 F.3d 507, 511-12 (4th Cir. 2012)) (alteration by *Mateen*). I conclude Payne's conviction for violating § 2907.322 triggers the enhanced mandatory minimum and maximum sentences found in § 2252A(b)(1) because that "state offense . . . stands in some relation, bears upon, or is associated with" sexual abuse. *Mateen*, 806 F.3d at 860.

It is true that interpreting § 2252A(b)(1) in this manner creates some redundancy, as § 1462 and other provisions found in chapter 71 also criminalize the possession of child pornography. But courts have consistently held that Congress intended to paint with a very broad brush when it sought to draw in qualifying state court convictions. The Supreme Court has observed:

> If one possible interpretation of a statute would cause some redundancy and another interpretation would avoid redundancy, that difference in the two interpretations can supply a clue as to the better interpretation of a statute. But only a clue. Sometimes the better overall reading of the statute contains some redundancy.

*Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 346 (2019). *See also Atl. Richfield Co. v. Christian*, 590 U.S. 1, 14 n.5 (2020) (adopting a statutory interpretation that was "somewhat redundant" after concluding it was "much more likely that Congress employed a belt and suspenders approach" to effectuate its purpose in passing a statute). I conclude any redundancy here does not preclude the statutory interpretation I have adopted.

## IV. CONCLUSION

I conclude Defendant Maxwell Payne's 2023 conviction for pandering sexually oriented matter involving a minor or impaired person in violation of Ohio Revised Code § 2907.322(A)(5) & (C) is related to sexual abuse and therefore triggers the sentence enhancements found in 18 U.S.C. § 2252(b)(1). Therefore, and for the reasons set forth above, I deny his motion to strike. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge